

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_[Signature]_

Signed October 3, 2006                                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DALE RICHARD GROTJOHN d/b/a | § | CASE NO. 03-47055-DML-7 |
| DALE'S WOODWORK, | § | |
|     Debtor. | § | |
| DIANNE REED, CHAPTER 7 TRUSTEE | § | |
|     Plaintiff, | § | |
| v. | § | ADVERSARY NO. 06-04019-DML |
| DALE RABE, and | § | |
| BLUMBERG & BAGLEY, L.L.P. | § | |
|     Defendants. | § | |

### MEMORANDUM OPINION

On August 28, 2006, this court heard the Motion for Summary Judgment (the "Motion") filed by Blumberg & Bagley, L.L.P. ("B&B"). The court heard arguments from counsel for B&B, counsel for Dianne Reed, Chapter 7 Trustee (the "Trustee"), and counsel for Dale Rabe ("Rabe," and together with B&B, the "Defendants"). The court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(E). This memorandum opinion embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

# I.
# BACKGROUND

On July 29, 2003, Dale Richard Grotjohn (the "Debtor" or "Grotjohn") filed his chapter 7 case. On January 14, 2004, the court entered an order of discharge, and this case was subsequently closed. On November 1, 2004, the Debtor moved to re-open this bankruptcy case in order to disclose a partnership interest in Stanley Wright and Carz, Inc. ("SWC") as well as to disclose causes of action against one of the partners of SWC (the "Stanley Litigation") that were omitted from the Debtor's schedules and statement of financial affairs. On January 12, 2005, the court entered an order re-opening this case. After the case was re-opened, the Debtor filed various amended schedules with the court seeking to list the Stanley Litigation as an estate asset and assert an exemption as to the Stanley Litigation. The Plaintiff and SWC objected to the Debtor's claimed exemption of the Stanley Litigation. On July 19, 2005, the court entered an order denying the Debtor's claimed exemption of the Stanley Litigation.

On January 31, 2006, the Trustee initiated this adversary proceeding against B&B and Rabe seeking a turnover and recovery of proceeds of purported estate assets (the "Complaint"). The Complaint alleges that in September 2004, the Debtor purported to transfer to Rabe an interest in the Stanley Litigation. The attempted transfer was apparently to generate funds to pay attorneys B&B to pursue the Stanley Litigation in Texas state court. The Trustee alleges that in exchange for the transferred claims, the Debtor and/or B&B received from Rabe in excess of $40,000 in cash. B&B served as counsel for the Debtor in the Stanley Litigation. The Complaint alleges that Rabe paid money directly to B&B or alternatively that Rabe paid money to the Debtor to pay B&B in pursuing the Stanley Litigation.

The Trustee alleges that the transferred claims are property of the estate under 11 U.S.C. § 541(a)(6) and thus the transfers are avoidable under 11 U.S.C. § 549 as post-petition transfers.

Moreover, the Trustee seeks recovery from Rabe and B&B to the extent that Rabe paid any money directly to B&B in conjunction with or in exchange for Rabe's receipt of the transferred claims. Alternatively, the Trustee, pursuant to 11 U.S.C. § 550, seeks recovery from Rabe and B&B alleging that Rabe was the initial transferee and B&B was the entity for whose benefit the transfer of money in exchange for the transferred claims was made in order to pay B&B's attorneys' fees incurred in the Stanley Litigation.

The Trustee alleges that B&B was aware of the Debtor's bankruptcy during its representation of the Debtor in the Stanley Litigation and failed to file a motion with this court to be retained "as counsel to the Debtor [sic]" or as counsel to the Trustee to pursue the Stanley Litigation. *See* Complaint, ¶¶ 22-24.

## II.
## DISCUSSION

The parties agree that at least as of September 2004, the claims and causes of action associated with the Stanley Litigation were property of the Debtor's estate. *See* B&B's Memorandum in Support of the Motion, ¶ 46, n.4; and Complaint, ¶ 7. The core of the Trustee's argument is that the monies transferred from Rabe to B&B, or alternatively from Rabe to the Debtor and then to B&B (the "Transferred Money"), are proceeds, product or offspring of property of the estate (the Stanley Litigation). *See* Complaint, ¶¶ 10 and 19. The court is not persuaded by this argument.

Black's Law Dictionary defines *offspring* as "children; issue; progeny." Black's Law Dictionary 1115 (7th ed. 1999). It defines *product* as "Something that is distributed commercially for use or consumption and that is usu[ally]… (2) the result of fabrication or

processing..."[1] *Id*. at 1225.  The definitions of offspring and product make clear that the Transferred Money is neither offspring nor product.

With respect to proceeds, the court looks to the Uniform Commercial Code to determine the definition of proceeds.  *See In re Cafeteria Operators, L.P.*, 299 B.R. 400, n.4 (Bankr. N.D. Tex. 2003).  After a review of Tex. Bus. Comm. Code § 9.609(b), the court concludes that the Transferred Money is not proceeds of the Stanley Litigation.  The money transferred from Rabe to either the Debtor or B&B did not occur as a result of the sale or other disposition of the Stanley Litigation.  In fact, at the time that Rabe transferred the money to either the Debtor or B&B, the Stanley Litigation was not disposed of.  Had the Trustee appeared on the scene at that time, she could have pursued the Stanley Litigation to judgment, and, as B&B agrees, she would not have had to share any proceeds of the litigation with anyone.

Section 541(a)(6) is drafted broadly to capture any property which is created by exchange or use of property of the estate.  It is not, however, broad enough to reach everything that changes hands simply because of property of the estate.  Congress could have included language in section 541(a)(6) like that in section 1129(b)(2)(B), which reaches property received or retained "on account of" an interest.  As the Supreme Court held in *Bank of Am. Nat'l Trust and Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 450-51 (1999), such language would capture anything of value that would not be received or retained but for such an interest.  In the case at bar, it is true that the money paid by Rabe to B&B or Grotjohn would not have been paid *but for* the Stanley Litigation.  But, as B&B now argues, where, as here, neither was the property of the estate used to create (as in production) the money paid by Rabe nor was property of the

---

[1] The court has omitted portions of the definition of "product" which on their face are inapplicable to the case at bar.

estate diminished in exchange for Rabe's money, the connection between the estate property and Rabe's payments is inadequate to make that money itself estate property.

To the extent that the Debtor purported to transfer an interest in the Stanley Litigation to Rabe, that transfer is ineffective as a matter of law. *See 40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir. 2003). The court's finding that the Transferred Money was not a transfer of property of the estate necessarily moots the Trustee's relief under 11 U.S.C. § 549. *See In re Lambert*, 273 B.R. 663, 668 (Bankr. N.D. Fla. 2002); *In re Smith*, 224 B.R. 44, 47 (Bankr. E.D. Mich. 1998); *In re Samaniego*, 224 B.R. 154, 163 (Bankr. E.D. Wash. 1998); *In re Prine*, 222 B.R. 610, 613 (Bankr. N.D. Iowa 1997). Section 549 provides, "[e]xcept as provided in subsection (b) or (c) of this section, the trustee may avoid a *transfer of property of the estate*…" 11 U.S.C. § 549(a) (emphasis added). To the extent that Rabe transferred money to the Debtor or to B&B as consideration for an interest in the Stanley Litigation, the court holds that the transfer was a gift or other voluntary transfer which did not result in any change in the estate and which the Trustee may not recover. That transaction did not result in a diminution to the estate and caused no harm to the estate.[2]

The court, having reviewed the pleadings filed in this adversary proceeding and having reviewed the transcript of the hearing on the Motion, determines that based on the allegations and arguments made by counsel for the Defendants and counsel for the Trustee, the Trustee's Complaint may be amended to conform to the facts and evidence to state a potential cause of action.

The Stanley Litigation was disposed of through the trial in state court. The recovery, or lack thereof, resulting from the Stanley Litigation is immaterial to the fact that the claims were

---

[2] The transaction with Rabe did not result in the estate "disposing of or parting with" property and so was not ever a transfer of property of the estate. *See* 11 U.S.C. § 101(54).

disposed of. Any prosecution of the Stanley Litigation at this point would be barred by *res judicata* or collateral estoppel under Texas law. *State and County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). Accordingly, there may be a question as to whether the disposition of the Stanley Litigation harmed the Debtor's estate. The court thus believes that the appropriate issue to be tried in this matter, if any, is whether the Defendants exercised control over property of the estate in violation of 11 U.S.C. § 362(a)(3) and, through that exercise of control, effected a disposition of that property to the detriment of the estate.

Federal Rule of Civil Procedure 15(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015(b), provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b). The purpose of conforming pleadings to the evidence is to bring the pleadings in line with the issues actually developed at trial. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1493. There is authority that suggests that a court may allow amendments to pleadings *sua sponte*. *See Luria Brothers & Co., Inc. v. Alliance Assurance Co., Inc.*, 780 F.2d 1082 (2d Cir. 1986). Accordingly, it is

**ORDERED** that the Motion is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the Trustee may amend the Complaint to include a cause of action against the Defendants for violation of 11 U.S.C.§362(a)(3) within ten (10) days of entry of this order. Should the Trustee fail to do so, Defendants may renew the Motion and final judgment will enter.

***###End of Order###***